**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HARRISON JAMES LARGO,

Petitioner,

v. No. 2:25-cv-0065-SMD-GBW

D.C. COLE, ADMINSTRATOR,

Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Petitioner Harrison James Largo's Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is incarcerated, proceeding *pro se*, and has paid the habeas filing fee. Petitioner challenges his underlying state conviction in State Case Nos. D-1113-CR-2008-00205 and D-1113-CV-2012-00446, and alleges: (1) he was given an incorrect sentence because he was a law enforcement officer; and (2) he received ineffective assistance of counsel at his sentencing. (Doc. 1) at 6-8. The Court construes the Petition as a successive petition under 28 U.S.C. § 2254 and finds the Court lacks jurisdiction to consider the successive habeas petition without authorization from the Tenth Circuit, so the Petition must be dismissed without prejudice.

**I. BACKGROUND**

On July 10, 2009, a jury found Petitioner guilty of First Degree Murder (Willful and Deliberate), in violation of N.M.S.A. 1978 § 30-2-1(A)(1), and Tampering with Evidence (Capital Crime or First or Second Degree Felony), in violation of N.M.S.A. 1978 § 30-22-5. *State of New Mexico v. Largo*, No. D-1113-CR-2008-00205.[1] On August 24, 2009, the State Court sentenced

[1] The Court has reviewed the official record in Petitioner's State Court proceedings through the

Petitioner to life imprisonment on Count 1, and to three years imprisonment on Count 2, with his sentences to be served consecutively. *Id.* Petitioner's conviction and sentence were affirmed by the New Mexico Supreme Court on May 21, 2012. *State v. Largo*, No. S-1-SC-32055. Petitioner filed a petition for writ of habeas corpus in the state district court, which was dismissed on February 27, 2013. *See Largo v. Jenecka, Warden*, No. D-1113-CV-2012-00446. The New Mexico Supreme Court denied certiorari on the habeas corpus petition on April 19, 2013. *Largo v. Jenecka, Warden*, No. S-1-SC-34077. Petitioner filed a second habeas corpus petition in state district court on May 12, 2020. The second habeas petition was dismissed on June 15, 2023, and the New Mexico Supreme Court denied certiorari on September 11, 2023. *Largo v. Stephenson, Warden*, No. S-1-SC-39986, consolidated with No. S-1-SC-40035.

On June 24, 2013, Petitioner filed his first habeas corpus petition in this Court under 28 U.S.C. § 2254 challenging his state conviction. *Largo v. Janecka, Warden*, No. 2:13-cv-590-LH-LAM (First Petition). In his First Petition, Petitioner claimed that his trial and appellate counsel were ineffective for several reasons, the prosecutors in his state case engaged in misconduct, the trial court erred regarding a member of the jury, certain out-of-court statements should not have been admitted because they violated Petitioner's right to confront his accuser and were inadmissible hearsay, and the evidence presented to the jury was insufficient to convict Petitioner. *See* Doc. 19 at 2-3, filed in Case No. 2:13-cv-590. On February 26, 2014, the Court adopted the

---

New Mexico Supreme Court's re:SearchNM website, and it takes judicial notice of the official New Mexico court records in Nos. D-1113-CR-2008-00205, S-1-SC-32055, D-1113-CV-2012-00446, S-1-SC-34077, S-1-SC-39986, and S-1-SC-40035. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (explaining the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Magistrate Judge's Proposed Findings and Recommended Disposition and dismissed the First Petition with prejudice on the merits. *Id.*

On October 10, 2023, Petitioner filed a second Petition under 28 U.S.C. § 2254. *Largo v. Attorney General State of N.M.*, No. 2:23-cv-891-WJ-JHR (Second Petition). As in his First Petition, Petitioner challenged his 2009 state conviction and sentence in case No. D-1113-CR-2008-00205, alleging: (1) violation of his due process rights because the prosecutor knowingly used false testimony at trial; (2) incorrect sentence based on Petitioner being an ex-law enforcement officer; and (3) violation of his due process rights due to the trial judge not taking the proper oath of office. *See* Doc. 1 at 6-9, filed in Case No. 2:23-cv-891. Because Petitioner had previously challenged his state conviction under § 2254 in this Court, the Court explained that he needed authorization from the Tenth Circuit to file a second or successive § 2254 habeas petition. *See* Doc. 3 at 3-4, filed in Case No 2:23-cv-891 (citing 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")). Since Petitioner did not obtain permission to file a second or successive habeas petition, the Court found that it had no jurisdiction to address Petitioner's Second Petition. *Id.* (citing *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization.")). The Court further found that transferring the case to the Tenth Circuit was not in the interest of justice, and instead dismissed the Second Petition without prejudice for lack of jurisdiction. *Id.* at 4-8.

In the Petition currently before the Court, Petitioner again challenges his conviction and sentence in State Case Nos. D-1113-CR-2008-00205 and D-1113-CV-2012-00446, and alleges: (1) he was given an incorrect sentence because he was a law enforcement officer; and (2) he received ineffective assistance of counsel at his sentencing. (Doc. 1) at 6-8.

## II. ANALYSIS

### A. The Petition is Construed as a Section 2254 Petition

Petitioner filed his Petition on a standard § 2241 form, and states that he intends to "attack the execution of [his] sentence" under § 2241. *See* (Doc. 1) at 1, 4. "Petitions under § 2241 are used to attack the execution of a sentence, … in contrast to § 2254 habeas proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits); *Owens-El v. Wiley*, 183 F. App'x 775, 777 (10th Cir. 2006) (holding that a petitioner who seeks a reduction in the period of incarceration by "granting good time" was appropriately brought as a § 2241 habeas petition). Petitioner claims that he received an improper sentence and was not provided effective counsel. *See* (Doc. 1) at 6-7. These claims do not take issue with the execution of Petitioner's sentence. Instead, Petitioner attacks the legality of his conviction and sentence and attempts to invalidate them. Because the substance of the Petition is a challenge to the validity of Petitioner's conviction and sentence, not the execution of his sentence, the claims are not properly brought under § 2241, and the Court will construe them under § 2254. *See Castro v. United States*, 540 U.S. 375 (2003) (recognizing long-standing practice of federal courts to treat request for habeas relief under proper statutory section where pro se prisoner

has labeled the petition differently); *Martin v. Pettigrew*, 2023 WL 5319806, at *2 (10th Cir.) (affirming district court's decision to construe petitioner's § 2241 petition as a second or successive § 2254 application); *Erskine v. Warden of Colo. Territorial Corr. Facility*, 2022 WL 3590208, at *1 (10th Cir.) (affirming dismissal of § 2241 application requesting release from state custody, finding that such "a claim is properly brought in a § 2254 habeas application"); *Erskine v. Warden of Colo. Territorial Corr. Facility*, 2022 WL 21816910, at *2-3 (D. Colo.) ("To be clear, Erskine may not use § 2241 to side-step the procedural requirements applicable to filing a second or successive § 2254 petition."). The Court's decision has no impact on Petitioner's ability to file a true § 2241 petition challenging the execution of his sentence.

**B. The Petition is an Unauthorized Successive Petition**

Because Petitioner previously challenged his state conviction under § 2254 in this Court, he needs authorization from the Tenth Circuit to file a successive § 2254 habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has not provided any evidence that he sought permission to file a successive habeas petition, and a search of the Tenth Circuit's docket does not show any application from Petitioner for such permission. This Court, therefore, has no jurisdiction to entertain Petitioner's successive habeas corpus petition. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

**C. Transfer to Tenth Circuit for Possible Authorization is Not in the Interest of Justice**

Where, as here, a petitioner files a successive § 2254 petition without authorization, the District Court has two options. The Court "may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the … petition for lack of jurisdiction." *Cline,* 531 F.3d at 1252; *see also Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir. 2006) ("Since the claim was successive … the district court … could only dismiss the petition or transfer it to us for certification."). Factors to consider in evaluating whether to dismiss the petition or transfer to the Tenth Circuit include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline*, at 1251-52 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter ... for authorization."). In addition, under 28 U.S.C. § 2244(b), "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim that was not presented in a prior application must also be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Considering the above factors, transferring this case to the Tenth Circuit is not in the interest of justice. To the extent Petitioner presents claims that were raised in his First and Second Petitions, the claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) (prescribing that a previously presented claim presented in a second or successive § 2254 application "shall be dismissed"); *Hall v. Falk*, 535 F. App'x 762, 763 (10th Cir. 2013); *Allen v. Massie*, 236 F.3d 1243, 1244-45 (10th Cir. 2001). With respect to new claims now raised, Petitioner filed the Petition more than fifteen years after entry of his criminal judgment so, even accounting for time spent on direct appeal and in state habeas proceedings, the claims are time-barred. *See* 28 U.S.C. § 2244(d) (providing a § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final); *see also Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year habeas] deadline does not toll the limitations period."); *Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (same). Petitioner has not shown equitable tolling would apply because he presents no extraordinary circumstances that prevented timely pursuit of his claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (explaining equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances.").

In addition, none of the claims in the Petition rely upon a new principle of constitutional law. *See* 28 U.S.C. § 2244(b)(2)(A). Nor are they based on facts Petitioner could not have discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2)(B)(i). Petitioner does not show that his claims rely upon a factual predicate that could not have been previously discovered through the exercise of due diligence. Instead, Petitioner relies on facts that were discoverable at the time he filed his First Petition in 2013, and "a recent discovery of facts is not sufficient to establish that a claim was previously unripe." *Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018). Indeed, the exception to the bar on second or successive petitions only "applies 'where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a [petitioner's] first motion.'" *Id.* (quoting *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015)). Alternatively, even if Petitioner could show the facts presented in the Petition were not discoverable through the exercise of due diligence, he has not presented underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *see also Lomack v. Farris*, 693 F. App'x 757, 761 (10th Cir. 2017) (noting that new facts supporting successive application must show "a high probability of actual innocence") (citation omitted); *McDaniel v. Cody*, 104 F.3d 367, *3 (10th Cir. 1996) (unpublished) ("Appellant offers here no new evidence of actual innocence, other than his own affidavit concerning what he believes certain witnesses would have said, had they been called at trial.").

Finally, to the extent Petitioner relies on a claim of actual innocence to pursue his Petition, that claim remains subject to the requirements of 28 U.S.C. § 2244(b)(2)(B). *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("[A] credible showing of actual innocence may allow a

prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief."); *Barrientez v. Martin*, 778 F. App'x 614, 616 (10th Cir. 2019) ("In enacting the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Congress adopted a stringent actual-innocence exception in the context of second and successive habeas petitions, requiring both undiscoverability, § 2244(b)(2)(B)(i), and 'clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense,' § 2244(b)(2)(B)(ii)."). Successful actual innocence claims are rare due to the strong evidentiary requirements for such claims. *See McQuiggin*, 569 U.S. at 386; *House v. Bell*, 547 U.S. 518, 538 (2006). Here, Petitioner's claims regarding his convictions and sentences do not amount to a contention that he is actually (rather than legally) innocent of the crimes, and Petitioner presents no such evidence of actual innocence to the Court. Accordingly, Petitioner's claims do not meet the actual innocence equitable exception.

## III. CONCLUSION

Because Petitioner's claims do not meet the criteria for the Court's consideration under 28 U.S.C. § 2244(b) and would be subject to dismissal as untimely under 28 U.S.C. § 2244(d), "there is no risk that a meritorious successive claim will be lost" absent a transfer. *Cline*, 531 F.3d at 1252. Therefore, the Court declines to transfer the Petition to the Tenth Circuit and will instead dismiss this matter without prejudice for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable

jurists would find the district court's assessment … debatable or wrong"). Finally, the Court denies Petitioner's "Motion for Calendar Docket" (Doc. 8) as moot.

**IT IS THEREFORE ORDERED** that Petitioner Harrison James Largo's Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is construed as a successive petition under 28 U.S.C. § 2254 and is **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing this civil case. To the extent Petitioner challenges the execution of his sentence, such claims are dismissed without prejudice to filing a 28 U.S.C. § 2241 proceeding.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Calendar Docket (Doc. 8) is **DENIED** as moot.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE